## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MATTHEW CRUST and TINA EDELSTEIN,

Plaintiffs,

v.

NILS D. KNUTRUD,

Defendant.

No. 4:19-CV-00736

(Judge Brann)

### MEMORANDUM OPINION

### SEPTEMBER 11, 2020

## I.   BACKGROUND

After filing an answer and counterclaims over a year ago, Defendant Nils D. Knutrud has not shown any signs of participation in this litigation.[1]  Plaintiffs Matthew Crust and Tina Edelstein now move for summary judgment.[2]  Knutrud has not filed a brief in opposition or otherwise responded to Plaintiffs' motion. Plaintiffs' motion, accordingly, is now ripe for disposition.

A "motion to dismiss or motion for summary judgment may not be granted solely because the motion was unopposed pursuant to the Local Rules."[3]  "Such motions are subject to review for merit."[4]  Indeed, Federal Rule of Civil Procedure 56(e) provides that "[i]f a party . . . fails to properly address another party's

---

[1]   *See* Doc. 14.
[2]   *See* Doc. 15.
[3]   *Sabol v. Allstate Prop. & Cas. Ins. Co.*, 309 F.R.D. 282, 285 (M.D. Pa. 2015).
[4]   *Michel v. I.N.S.*, 119 F. Supp. 2d 485, 486 (M.D. Pa. 2000).

assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it."

The Court has reviewed Plaintiffs' motion for merit.  For the following reasons, Plaintiffs' motion is granted in part and denied in part.

## II.    DISCUSSION

### A.    Standard of Review

I begin my analysis with the standard of review which undergirds summary judgment.  "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose."[5] Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6]  "Facts that could alter the outcome are 'material facts,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[7]  "A defendant meets this standard when there is an absence of evidence that rationally supports the plaintiff's case."[8]  "A plaintiff, on the other

---

[5]    *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

[6]    Fed. R. Civ. P. 56(a).

[7]    *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993) (Hutchinson, J.) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) and *Celotex*, 477 U.S. at 322).

[8]    *Clark*, 9 F.3d at 326.

hand, must point to admissible evidence that would be sufficient to show all elements of a *prima facie* case under applicable substantive law."[9]

"The inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits."[10]  Thus, "if the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented."[11]  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[12]  "The judge's inquiry, therefore, unavoidably asks . . . 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.'"[13]  The evidentiary record at trial, by rule, will typically never surpass that which was compiled during the course of discovery.

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those

---

[9]  *Id.*
[10]  *Liberty Lobby, Inc.*, 477 U.S. at 252.
[11]  *Id.*
[12]  *Id.*
[13]  *Id.* (*quoting Schuylkill & Dauphin Imp. Co. v. Munson*, 81 U.S. 442, 447 (1871)).

portions of the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, which it believes demonstrate the

absence of a genuine issue of material fact."[14]  "Regardless of whether the moving

party accompanies its summary judgment motion with affidavits, the motion may,

and should, be granted so long as whatever is before the district court demonstrates

that the standard for the entry of summary judgment, as set forth in Rule 56(c), is

satisfied."[15]

Where the movant properly supports his motion, the nonmoving party, to

avoid summary judgment, must answer by setting forth "genuine factual issues that

properly can be resolved only by a finder of fact because they may reasonably be

resolved in favor of either party."[16]  For movants and nonmovants alike, the

assertion "that a fact cannot be or is genuinely disputed" must be supported by:

(i) "citing to particular parts of materials in the record" that go beyond "mere

allegations"; (ii) "showing that the materials cited do not establish the absence or

presence of a genuine dispute"; or (iii) "showing . . . that an adverse party cannot

produce admissible evidence to support the fact."[17]

"When opposing summary judgment, the non-movant may not rest upon

mere allegations, but rather must 'identify those facts of record which would

---

[14]   *Celotex*, 477 U.S. at 323 (internal quotations omitted).
[15]   *Id.*
[16]   *Liberty Lobby*, 477 U.S. at 250.
[17]   Fed. R. Civ. P. 56(c)(1).

contradict the facts identified by the movant.'"[18]  Moreover, "if a party fails to

properly support an assertion of fact or fails to properly address another party's

assertion of fact as required by Rule 56(c), the court may . . . consider the fact

undisputed for purposes of the motion."[19]  On a motion for summary judgment,

"the court need consider only the cited materials, but it may consider other

materials in the record."[20]

Finally, "at the summary judgment stage the judge's function is not himself

to weigh the evidence and determine the truth of the matter but to determine

whether there is a genuine issue for trial."[21]  "There is no issue for trial unless there

is sufficient evidence favoring the nonmoving party for a jury to return a verdict

for that party."[22]  "If the evidence is merely colorable . . . or is not significantly

probative, summary judgment may be granted."[23]

---

[18]  *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2003) (Weis, J.).

[19]  Fed. R. Civ. P. 56(e)(2).

[20]  Fed. R. Civ. P. 56(c)(3).

[21]  *Liberty Lobby*, 477 U.S. at 249.

[22]  *Id.*

[23]  *Id.* at 249-50 (internal citations omitted).

### B.      Undisputed Facts

With that standard outlining the Court's framework for review, I now turn to the undisputed facts of this matter.  As I review these undisputed facts, I keep in mind the effect of Knutrud's failure to participate in this litigation.[24]

When requests for admission are not answered by the party upon they are propounded within thirty days of service, the matters found within the requests for admission are deemed admitted.[25]  In extension, the United States Court of Appeals for the Third Circuit has held that "an admission of facts made under Rule 36 is an unassailable statement of fact that narrows the triable issues in the case."[26]  And the Third Circuit has held that "Rule 36 admissions are conclusive for purposes of the litigation and are sufficient to support summary judgment."[27]  These principles inform my fact-finding below.

### 1.      The Parties

Plaintiffs Matthew Crust and Tina Edelstein reside in State College, Pennsylvania.[28]  Defendant Nils D. Knutrud resides in Massachusetts.  Knutrud's

---

[24] The Court notes that the adjective "undisputed" takes on particular resonance in the context of this litigation and of the procedural posture within which the Court resolves Plaintiffs' motion.  This is not a matter of Knutrud trying, but failing, to create a genuine dispute of fact.  Rather, Knutrud's silence has meant that he has not raised any kind of dispute whatsoever.

[25] *See* Fed. R. Civ. P. 36(a)(3).

[26] *Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 803 (3d Cir. 1992).

[27] *Id.*

[28] Doc. 17 ("Statement of Facts") at ¶¶ 2-3.

last known address is 66 Glen Street, Westborough, Worchester County,

Massachusetts.[29]

      As of 2017, Plaintiffs had known Knutrud for a period of about two years.[30]

Starting in August 2017, Plaintiffs and Knutrud began sharing an apartment

located at 876 West Aaron Drive in State College, Pennsylvania ("the

Apartment").[31]  Plaintiffs shared a private bedroom that was separate from

Knutrud's bedroom.[32]

### 2.    The Recording

      In late 2017 or early 2018, Knutrud gave Plaintiffs a Blu-Ray DVD player

(the "DVD Player"), purportedly as a Christmas present.[33]  Knutrud set up the

DVD Player in Plaintiffs' bedroom and aimed it at their bed.[34]  On May 24, 2018,

after becoming suspicious of Knutrud's behavior, Plaintiffs disconnected the DVD

Player and set it aside.  Knutrud, however, plugged the DVD Player back in and

again aimed it at Plaintiffs' bed.[35]

      The DVD Player had hidden recording devices installed inside of it.[36]

Knutrud would frequently borrow the DVD Player in order to periodically review

---

[29]   Statement of Facts at ¶ 4.
[30]   Statement of Facts at ¶ 5.
[31]   Statement of Facts at ¶ 6.
[32]   Statement of Facts at ¶ 7.
[33]   Statement of Facts at ¶ 8.
[34]   Statement of Facts at ¶ 9.
[35]   Statement of Facts at ¶ 10.
[36]   Statement of Facts at ¶ 11.

the videos, images, and audio captured of Plaintiffs.[37]  Knutrud installed devices

capable of capturing and storing audio, video, and still images throughout the

Apartment, including in Plaintiffs' private bedroom and bathroom.[38]  Knutrud did

not have Plaintiffs' permission to install these recording devices.[39]

Knutrud used these surreptitious recording devices to capture videos and still

images of Plaintiffs, including in their private bedroom and in various states of

undress and while they were engaged in sexual acts, and likewise captured their

voices and conversations on dozens of occasions.[40]  The recording equipment

Knutrud set up in Plaintiffs' bedroom at one point captured Knutrud himself in

Plaintiffs' bedroom, sniffing Edelstein's undergarments without permission or

justification.[41]  Knutrud also accessed and stored 27 nude or partially nude

photographs of Edelstein, which Edelstein had stored on her secured Apple iCloud

account, and Knutrud similarly lacked authorization to do so.[42]

### 3.    The Criminal Proceedings

Knutrud was arrested, charged, and prosecuted in Centre County,

Pennsylvania for misdemeanor invasion of privacy under 18 Pa. C.S. §

7507.1(a)(1), at Docket No. CP-14-CR-505-2019, arising out of the same factual

---

[37]   Statement of Facts at ¶ 12.
[38]   Statement of Facts at ¶ 13.
[39]   Statement of Facts at ¶ 16.
[40]   Statement of Facts at ¶ 14.
[41]   Statement of Facts at ¶ 15.
[42]   Statement of Facts at ¶ 17.

occurrences that I have described above.[43]  On December 17, 2019, Knutrud

pleaded *nolo contendere* to the Pennsylvania criminal charges.[44]

### C.    Analysis

Plaintiffs have withdrawn their claim under the Pennsylvania Constitution

for a breach of the right to informational privacy.[45]  Three claims remain: for

intrusion upon seclusion,[46] violation of the Federal Wiretap Act / Electronic

Communications Privacy Act,[47] and violation of the Stored Communications Act.[48]

As I will explain below, Knutrud is liable as a matter of law for, and Plaintiffs are

entitled to summary judgment on, two of their three remaining claims.

### 1.    Intrusion Upon Seclusion

"To state a claim for intrusion upon seclusion, plaintiffs must allege conduct

demonstrating an intentional intrusion upon the seclusion of their private concerns

which was substantial and highly offensive to a reasonable person, and aver

sufficient facts to establish that the information disclosed would have caused

mental suffering, shame or humiliation to a person of ordinary sensibilities."

Courts "examine the harm caused by the intrusion itself."[49]

---

[43]  Statement of Facts at ¶ 18.  This Court takes judicial notice of Knutrud's state court criminal proceedings.  *See* Fed. R. Evid. 201; *Intertek USA, Inc. v. Caribbean Petro Corp.*, 580 Fed. Appx. 82, 89 (3d Cir. 2014).

[44]  Statement of Facts at ¶ 19.

[45]  *See* Doc. 1 at ¶¶ 76-79, Doc. 16 at 1 n.1.

[46]  *See* Doc. 1 at ¶¶ 50-57.

[47]  *See* Doc. 1 at ¶¶ 58-

[48]  *See* Doc. 1 at ¶¶ 65-75.

[49]  *Boring v. Google Inc.*, 362 F. App'x 273, 278-79 (3d Cir. 2010) (cleaned up).

Here, Knutrud's violation is so blatant that it does not merit extended discussion.  Let it suffice to say that Knutrud intruded upon Plaintiffs' seclusion by: secretly installing recording devices inside the private bedroom and private bathroom of housemates; recording a couple's private conversations and most intimate moments; illicitly accessing Edelstein's private iCloud account and retrieving and storing Edelstein's private (nude and semi-nude) photographs from her account; and entering Plaintiffs' bedroom to sniff Edelstein's undergarments.  As may be obvious, this intrusion was "substantial and highly offensive to a reasonable person," and the information disclosed to Knutrud "would have caused mental suffering, shame or humiliation to a person of ordinary sensibilities."

Plaintiffs are entitled to summary judgment on their claim for intrusion upon seclusion.

### 2.     Federal Wiretap Act / Electronic Communications Privacy Act

The Federal Wiretap Act makes it unlawful to "intentionally intercept[] . . . any wire, oral, or electronic communication."[50]  "Intercept" is defined as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device."[51]  An "intercept"

---

[50]   18 U.S.C. § 2511.  The Court also references the Electronic Communications Privacy Act because that later legislation technically amended and superseded the Federal Wiretap Act. However, courts continue to refer to the legislation as "the Wiretap Act."  *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 271 n.32 (3d Cir. 2016).

[51]   18 U.S.C. § 2510.

"must occur contemporaneously with transmission."[52]  Further, a person may not

intentionally "use[] or endeavor[] to use, the contents of any wire, oral, or

electronic communication, knowing or having reason to know that the information

was obtained through the interception of a wire, oral, or electronic

communication."[53]

The above facts make clear that Knutrud "intercepted" Plaintiffs' oral

communications.  Knutrud performed this interception by acquiring the contents of

Plaintiffs' oral communications through the use of recording devices that he had

installed in Plaintiffs' private bedroom and bathroom.  Plaintiffs are entitled to

summary judgment on their Wiretap Act claim.

### 3.    Stored Communications Act

The Stored Communications Act makes it unlawful to "(1) intentionally

access[] without authorization a facility through which an electronic

communication service is provided; or (2) intentionally exceed[] an authorization

to access that facility," and thereby obtain[], alter[], or prevent[] authorized access

to a wire or electronic communication while it is in electronic storage in such

system."[54]  Here, Knutrud accessed Edelstein's iCloud account and obtained her

personal images, all without Edelstein's authorization.

---

[52] *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 113 (3d Cir. 2003), *as amended* (Jan. 20, 2004).
[53] 18 U.S.C. § 2511.
[54] *See* 18 U.S.C. § 2701(a).

On first blush, this would seem to constitute a clear violation of the Stored

Communications Act.  However, on the facts before the Court, the Court cannot

hold as a matter of law that Edelstein's personal images constituted "electronic

communication[s]" as to fall under the Stored Communications Act's ambit.  To

wit: "electronic communication" means "any transfer of signs, signals, writing,

images, sounds, data, or intelligence of any nature transmitted in whole or in part

by a wire, radio, electromagnetic, photoelectronic or photooptical system that

affects interstate or foreign commerce."[55]  Plaintiffs have not identified that

Knutrud accessed any "transfer" associated with Edelstein's personal images.[56]

Plaintiffs have only identified that Knutrud accessed the images themselves.[57]

Therefore, Plaintiffs are not entitled to summary judgment on their Stored

Communications Act claim.

---

[55]   18 U.S.C. § 2510(12).

[56]   *Compare with Estes Forwarding Worldwide LLC v. Cuellar*, 239 F. Supp. 3d 918, 928 (E.D.
    Va. 2017) (plaintiff had stated a Shared Communications Act claim when they "allege[d] that
    information was transferred from one [person] to another").
    There is, the Court supposes, an argument that the processes of uploading and storing an
    image on the iCloud system constitute a "transfer" and an "electronic communication."
    However, this argument would essentially erase the requirement that a defendant access an
    "electronic communication" – under this argument's logic, any electronic document (be it a
    "communication" or otherwise) that is uploaded and stored on the iCloud system would
    constitute an "electronic communication."  This cannot be.

[57]   Adding to the Court's caution is that Plaintiffs have provided no case law in support of
    extending the Shared Communications Act to the accessing of images on their own, as
    opposed to images within the context of a transfer or communication.  *See* Doc. 16 at 14-16.

- 13 -

## III.   CONCLUSION

For the above reasons, Plaintiffs are entitled to summary judgment on their

intrusion upon seclusion and Wiretap Act claims.  Plaintiffs are not entitled to

summary judgment on their Stored Communications Act claim.  Plaintiffs' claim

for a breach of the right to informational privacy is dismissed.  And, in sum,

Plaintiffs' motion for summary judgment is granted in part and denied in part.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge