IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW CRUST and TINA EDELSTEIN,<br><br>Plaintiffs,<br><br>v.<br><br>NILS D. KNUTRUD,<br><br>Defendant. | No. 4:19-CV-00736<br><br>(Chief Judge Brann) |

MEMORANDUM OPINION

DECEMBER 23, 2021

On October 14, 2021, a federal jury awarded Plaintiffs Matthew Crust and Tina Edelstein damages under the Federal Wiretap Act, 18 U.S.C. § 2520. On October 28, 2021, Plaintiffs moved for attorneys' fees and injunctive relief (Doc. 59) along with taxation of costs (Doc. 60). Though pro se Defendant Nils D. Knutrud has not responded, these motions are now ripe for consideration. And for the following reasons, Plaintiffs' motions are granted.

**I.   Attorneys' Fees**

First, Plaintiffs request attorneys' fees. The Federal Wiretap Act includes "a reasonable attorney's fee" as "appropriate relief."[1] "A prevailing party is entitled to reasonable attorneys' fees under the [Federal Wiretap] Act."[2] Because Plaintiffs

---

[1] 18 U.S.C. §2520(b).
[2] *Abraham v. Cnty. of Greenville*, 237 F.3d 386, 393 (4th Cir. 2001) (holding that "the [district] court properly awarded the plaintiffs their attorneys' fees and costs").

prevailed in securing damages under the Federal Wiretap Act, they are entitled to attorney's fees.

As for the amount of attorneys' fees, Knutrud does not oppose or otherwise dispute Plaintiffs' figures. And neither party requests an evidentiary hearing. Because further factfinding is unnecessary, the Court will determine attorneys' fees without a hearing.[3]

In total, Plaintiffs request $29,950.64 in attorneys' fees.[4] Plaintiffs have submitted time entries detailing the time their attorneys expended and the corresponding hourly rates.[5] After carefully reviewing the briefs and time entries, the Court finds that the time entries are not redundant or excessive. The Court also finds that Plaintiffs' counsel reasonably expended 158 hours in litigating this case to verdict.

The Court further finds the corresponding hourly rates reasonable in comparison to the prevailing rates in the area. These rates will not result in a windfall to Plaintiffs' counsel. Accordingly, Plaintiffs' motion for attorneys' fees is granted.

## II. Injunctive Relief

Next, Plaintiffs request an injunction requiring Knutrud to destroy any and all images and recordings of them in his possession and prohibiting Knutrud from

---

[3] *See Drelles v. Metro. Life Ins. Co.*, 90 F. App'x 587, 591 (3d Cir. 2004).
[4] Doc. 59 at 8.
[5] Doc. 59, Exhibit A.

publishing, broadcasting, or disseminating such images and/or recordings.[6] The Federal Wiretap Act provides that "appropriate relief includes" "equitable or declaratory relief as may be appropriate."[7] "In deciding whether to grant a permanent injunction, the district court must consider whether: (1) the moving party has shown actual success on the merits; (2) the moving party will be irreparably injured by the denial of injunctive relief; (3) the granting of the permanent injunction will result in even greater harm to the defendant; and (4) the injunction would be in the public interest."[8]

All four factors weigh in favor of an injunction here. Plaintiffs succeeded on the merits of their Federal Wiretap Act claim, and a jury awarded them damages. Second, allowing Knutrud to disseminate these sensitive images and recordings would irreparably damage Plaintiffs. Third, any harm to Knutrud in destroying these images is minimal. Finally, this injunction would serve the public interest by preventing Knutrud from publishing, disseminating, or broadcasting images and recordings he took in violation of federal law. Thus, Plaintiffs' motion for injunctive relief is granted.

---

[6] Doc. 59 at 7–8.
[7] 18 U.S.C. §2520(b).
[8] *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001).

### III. Taxation of Costs

Finally, Plaintiffs move for taxation of costs. Under the Federal Wiretap Act, "appropriate relief includes" "other litigation costs reasonably incurred."[9] Indeed, Federal Rule of Civil Procedure 54(d) provides that "costs—other than attorney's fees—should be allowed to the prevailing party."

Here, Plaintiffs request $465 in costs.[10] These include $400 for the Clerk's Fee for Docketing Complaint and $65 for Service of Process on Defendant.[11] Clerk's fees and service fees are taxable items under Local Rule 54.4. Accordingly, the Court finds that Plaintiffs reasonably incurred these litigation costs. Plaintiffs' motion for taxation of costs is granted.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[9] 18 U.S.C. §2520(b).
[10] Doc. 60.
[11] *Id.*